UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MARK THOMPSON,** *Plaintiff* | § § § | |
| v. | § § | No.  1:25-CV-01226-ADA |
| **GOODWILL INDUSTRIES,** *Defendant* | § § § | |

# ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Mark Thompson's application to proceed *in forma pauperis*. Dkt. 2. Because Thompson is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I.     REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Thompson's financial affidavit and determined Thompson is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Thompson's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees

1

or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Thompson is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Thompson's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant Goodwill Industries ("Goodwill") should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Goodwill.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Thompson has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In his complaint, Thompson alleges that during his employment with Goodwill in December 2023, a coworker made a series of comments to Thompson that made Thomson "feel that [his] life [was] at risk." Dkt. 1, at 2. Specifically, the coworker stated that Thompson had not completed as many "boxes" as he claimed, asked Thompson where he was going with a piece of equipment when Thompson attempted to move it for use in his job, and asked Thompson "why [he] didn't put a roll on the handle." *Id.* at 1-2. Thompson states that after the coworker made the first two statements, Thompson was sent home, apparently for the day. *Id.* at 1. Thompson adds that when his supervisor attempted to collect his phone during work pursuant to a new workplace rule, the supervisor twice said "come on boy" as Thompson approached her. *Id.* at 3. Based on these allegations, Thompson sues Goodwill for "showing favoritism [and] discrimination [in the] workplace." *Id.* The undersigned construes Thompson's complaint as bringing an employment discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. *See id.*

First, Thompson has not shown that he exhausted his administrative remedies. Title VII requires Thompson to exhaust his administrative remedies before suing his employer in this Court, including by bringing a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(b), (e)(1); *see Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 544 (2019). Thompson provides no evidence that he has done so. Accordingly, his Title VII claim should be dismissed for failure to exhaust administrative remedies.

Second, even if Thompson had exhausted his administrative remedies, to state a claim under Title VII, Thompson must establish that he (1) is a member of a protected class, (2) was qualified for his position, (3) was subject to an adverse employment action, and (4) was treated less favorably than other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Fuentes v. City of San Antonio Fire Dep't*, 240 F. Supp. 3d 634, 639 (W.D. Tex. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)). Thompson alleges none of these factors: he does not allege that he is a member of a protected class, that he was qualified for his position, that he was subject to an adverse employment action, or that he was treated less favorably than other similarly situated employees. *See* Dkt. 1. While pro se complaints are liberally construed, *see Haines*, 404 U.S. at 520-21, there is no basis on which the undersigned can discern a non-frivolous claim in this case. The District Judge should therefore dismiss Thompson's case on this additional basis.

## III.　ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Thompson's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Thompson's cause of action without prejudice[1] pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.　WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 21, 2025.

									_____
									DUSTIN M. HOWELL
									UNITED STATES MAGISTRATE JUDGE

---

[1] "[F]ailure to exhaust administrative remedies usually results in a dismissal without prejudice[.]" *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007).